**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.** | § | **CASE NO. 15-31594-H4-7** |
| | § | |
| **Debtors** | § | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | § | |
| | § | |
| **BRYAN STANLEY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **ADVERSARY NO. 15-03240** |
| **v.** | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.** | § | |
| | § | |
| **Defendant** | § | |

**DEFENDANT'S ANSWER TO BRYAN STANLEY'S ORIGINAL COMPLAINT FOR
JUDGMENT AND DETERMINATION OF DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. § 523**

Defendant David Gordon Wallace ("*Wallace*") files his *Answer to Bryan Stanley's Original Complaint for Judgment and Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523* (the "*Answer*"), and shows:

**ANSWER TO COMPLAINT**

1.      The averments in Paragraph 1 are admitted.

2.      Paragraph 2 contains no averments to which no response is required.  However, to the extent a response is required, the averments, if any, in Paragraph 2 are denied.

3.      The averments in Paragraph 3 are admitted.

4.      Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 4.  To the extent a response is required, the averments in Paragraph 4 are denied.  Wallace admits that the Plaintiff is an individual.

2942977

1

5.      The averments in Paragraph 5 are admitted.

6.      The averments in the first sentence of Paragraph 6 are denied.  Wallace admits that he was the chief executive officer of WB Real Estate Holdings, LLC and that WB Real Estate Holdings, LLC filed a petition under Chapter 7, that is pending in this District under Bankruptcy Case Number 15-31770.  The averments in the second sentence of Paragraph 6 are admitted.

7.      The averments in Paragraph 7 are denied.  Wallace admits that the Plaintiff is a former neighbor.

8.      The averments in Paragraph 8 are denied.

9.      The averments in the first sentence of Paragraph 9 are denied.  Wallace admits that Plaintiff loaned $1,600,000.00 to WB.  The averments in the second sentence of Paragraph 9 are denied.  The purported "Note" and "Loan Agreement" speak for themselves.  The averments in the third sentence of Paragraph 9 are admitted.  The averments in the fourth sentence of Paragraph 9 are denied.  The purported "Personal Guaranty" speaks for itself.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the fifth sentence of Paragraph 9.  To the extent a response is required, the averments in the fifth sentence of Paragraph 9 are denied.  The sixth sentence of Paragraph 9 contains no averments to which no response is required.  However, to the extent a response is required, the averments, if any, in sixth sentence of Paragraph 9 are denied.  The seventh, eighth and ninth sentences of Paragraph 9 are a request for relief.  Wallace denies that the Plaintiff is entitled to the relief requested in the seventh, eighth and ninth sentences of Paragraph 9.

10.     The averments in Paragraph 10 are admitted.

2942977

11.      The averments in Paragraph 11 are denied.  The purported "Loan Agreement" speaks for itself.

12.      The averments in Paragraph 12 are denied.  The purported "Note" speaks for itself.

13.      The averments in Paragraph 13 are denied.  The purported "Pledge Agreement" speaks for itself.

14.      Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 14.  To the extent a response is required, the averments in Paragraph 14 are denied.

15.      The averments in Paragraph 15 are denied.  The purported "Guaranty" speaks for itself.

16.      The averments in Paragraph 16 are denied.  The purported "First Modification" speaks for itself.

17.      The averments in Paragraph 17 are denied.  The purported "Second Agreement" speaks for itself.

18.      Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 18.  To the extent a response is required, the averments in Paragraph 18 are denied.

19.      The averments in Paragraph 19 are denied.  The purported "loan documents" speak for themselves.

20.      The averments in Paragraph 20 are admitted.

21.      The averments in Paragraph 21 are admitted.

22.      The averments in Paragraph 22 are denied.

2942977

3

23.     The averments in the first sentence of Paragraph 23 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the second sentence of Paragraph 23.  To the extent a response is required, the averments in the second sentence of Paragraph 23 are denied.  The averments in the third sentence of Paragraph 23 are denied.  WB's purported "statement of financial affairs" speaks for itself.

24.     The averments in Paragraph 24 are denied.  The "Official Statement of Financial Affairs" speaks for itself.

25.     The averments in the first sentence of Paragraph 25 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the second and third sentences of Paragraph 25.  To the extent a response is required, the averments in the second and third sentences of Paragraph 25 are denied.  Wallace admits that on March 24, 2015 he filed chapter 7 bankruptcy and that he scheduled and valued his interests in various business entities.

26.     The averments in Paragraph 26 are denied.

27.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 27.  To the extent a response is required, the averments in Paragraph 27 are denied.

28.     The averments in the first, second and third sentences of Paragraph 28 are denied. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the fourth sentence of Paragraph 28.  To the extent a response is required, the averments in the fourth sentence of Paragraph 28 are denied.

2942977

29.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 29.   To the extent a response is required, the averments in Paragraph 29 are denied.

30.     The averments in the first sentence of Paragraph 30 are denied.   The averments in the second sentence of Paragraph 30 are admitted.

31.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 31.   To the extent a response is required, the averments in Paragraph 31 are denied.   Wallace admits that a receiver was appointed in the "First SEC Action" in 2009.

32.     The averments in the first sentence of Paragraph 32 are denied.   The averments in second sentence of Paragraph 32 are denied.   The purported "First Settlement" speaks for itself. The averments in the third and fourth sentences of Paragraph 32 are denied.   Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the fifth sentence of Paragraph 32.   To the extent a response is required, the averments in the fifth sentence of Paragraph 32 are denied.

33.     The averments in the first sentence of Paragraph 33 are denied.   Wallace admits that the Securities and Exchange Commission filed a complaint against Wallace and Costa Bajjali.   The averments in the second sentence of Paragraph 33 are denied.   The "Agreed Final Judgment as to Defendant David Wallace" speaks for itself.   The averments in the third sentence of Paragraph 33 are denied.   Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the fourth sentence of Paragraph 33.   To the extent a response is required, the averments in the fourth sentence of Paragraph 33 are denied.

2942977

34.     The averments in the first sentence of Paragraph 34 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the second sentence of Paragraph 34.  To the extent a response is required, the averments in the second sentence of Paragraph 34 are denied.

35.     The averments in the first and second sentences of Paragraph 35 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the third and fourth sentences of Paragraph 35.  To the extent a response is required, the averments in the third and fourth sentences of Paragraph 35 are denied.

36.     The averments in Paragraph 36 are denied.

37.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 37.  To the extent a response is required, the averments in Paragraph 37 are denied.

38.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 38.  To the extent a response is required, the averments in Paragraph 38 are denied.

39.     The averments in Paragraph 39 are denied.

40.     The averments in the first, second, third, fourth and fifth sentences of Paragraph 40 are denied.  Wallace admits that Plaintiff did loan $1,600,000.00.  The sixth, seventh and eighth sentences of Paragraph 40 are a request for relief.  Wallace denies that the Plaintiff is entitled to the relief requested in the sixth, seventh and eighth sentences of Paragraph 40.

41.     Paragraph 41 and its subparts is legal argument, to which no response is required.  However, to the extent a response is required, the averments alleged in Paragraph 41 and its subparts are denied.

2942977

42.     The averments in Paragraph 42 are denied.

43.     The averments in Paragraph 43 are denied.

44.     The averments in the first and second sentences of Paragraph 44 are denied. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the third sentence of Paragraph 44.   To the extent a response is required, the averments in the third sentence of Paragraph 44 are denied.

45.     Wallace denies that Bryan Stanley is entitled to the relief requested in the WHEREFORE Paragraph.

46.     Any averments in *Bryan Stanley's Original Complaint for Judgment and Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523* which have not been admitted, denied or explained are hereby denied.

47.     Wallace reserves the right to amend his responses contained herein in accordance with the applicable rules of procedure.

## DEFENSES AND AFFIRMATIVE DEFENSES

48.     Each of the following affirmative defenses is pleaded in the alternative:

49.     Wallace asserts that the *Bryan Stanley's Original Complaint for Judgment and Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523* fails to state a claim upon which relief may be granted and should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

50.     Wallace reserves the right to raise any additional defenses and/or affirmative defenses that may be determined through pretrial discovery.

WHEREFORE, David Gordon Wallace respectfully requests that the Bankruptcy Court recommend that the Plaintiff take nothing by its claims against David Gordon Wallace.

2942977

Respectfully submitted,

*/s/ Simon Mayer*
Wayne Kitchens     TBN 11541110
wkitchens@hwa.com
Simon Mayer     TBN 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, LLP
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
**ATTORNEYS FOR
DAVID GORDON WALLACE**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the *Answer to Bryan Stanley's Original Complaint for Judgment and Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523* was served on the parties listed below by the method indicated on this the 6th day of November 2015.

**Attorney for Plaintiff**
Peter Johnson
Law Office of Peter Johnson
Eleven Greenway Plaza, Suite 2820
Houston, Texas 77046
*Via ECF*

*/s/ Simon Mayer*
Simon Mayer

2942977